# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 CV 3290 | **DATE** | October 4, 2011 |
| **CASE TITLE** | *American Plastics Technologies, Inc. v. Festo Corporation* | | |

**DOCKET ENTRY TEXT**

Defendant Festo Corporation's motion to dismiss or transfer [12-1] is denied. Festo shall file its responsive pleading no later than October 27, 2011. The parties shall prepare a joint proposed scheduling order setting forth proposed deadlines for discovery and dispositive motions, and deliver a copy to chambers no later than November 3, 2011. The parties shall report for a status hearing on November 8, 2011, at 11:00 a.m.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

Plaintiff American Plastics Technologies, Inc. sued defendant Festo Corporation for breach of contract in state court. Festo first removed the case from state court to this court, and now seeks to either have it dismissed or transferred to New York, its principal place of business. For the reasons that follow, Festo Corporation's motion is denied.

### BACKGROUND

The parties agree that on October 2, 2008, Festo provided American Plastics with a quotation for parts and services it needed to operate eight plastic molding machines it had purchased. In addition to describing the parts and services American Plastics sought along with their price, the quotation stated that

> "Festo's Terms and Conditions of Sales shall apply. To review our Terms and Conditions, please go to www.festo.com/us/terms."

October 2008 Quotation (attached as Exhibit A to Motion to Dismiss [12-1]) at 2. Festo's Terms and Conditions at the time (which the court will refer to as the 2008 Terms and Conditions) included the following provision:

> **APPLICABLE LAW**
> All aspects of this Agreement and its performance shall be governed by the law of New York. Each party hereby consents to jurisdiction of and venue in the federal and state courts for the Eastern District of New York.

2008 Terms and Conditions (attached as Exhibit B to Motion to Dismiss [12-1]) at 1. In an undated Purchase Order, American Plastics accepted Festo's quotation. Purchase Order (attached as Exhibit C to Motion to

Dismiss [12-1]) at 1.  On October 30, 2008, Festo provided American Plastics with an Order Confirmation for items totaling $79,999.84.  Order Confirmation (attached as Exhibit D to Motion to Dismiss [12-1]) at 1.

According to Festo, "[o]ver the next few months, the parties continued to add to the contract by various quotations, purchase orders, and order confirmations—both verbal and written."  Motion to Dismiss [12-1] at 3.  But of all these alleged subsequent purchases, the parties have identified only one.  Specifically, on January 15, 2009, Festo sent a quotation to American Plastics for an item described as "Umbilical," at a cost of $2,080.59.  This quotation also advised American Plastics that "Festo Terms and Conditions apply."  Quotation dated January 15, 2009 (attached as Exhibit E to Motion to Dismiss [12-1]) at 2.  But rather than referring American Plastics to its website for the terms and conditions, the quotation states that a "copy is available upon request."  According to Festo, in the months since American Plastics' first purchase in October, 2008, Festo's Terms and Conditions had changed.  The revised Terms and Conditions (which the court will refer to as the 2009 Terms and Conditions) now included the following provision:

> **APPLICABLE LAW AND JURISDICTION**
> These terms and any contracts and the performance thereof shall be governed by the laws of the State of New York without giving effect to the principles of conflicts of law thereof or the UN Convention on Contracts for the Internal Sale of Goods of 1980.  Each party hereby consents to the exclusive jurisdiction of and venue in the federal or state courts for the Eastern District of New York.  EACH PARTY HEREBY WAIVES, TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, ANY RIGHT IT MAY HAVE TO A FORUM NON CONVENIENS PLEA AS WELL AS ANY RIGHT IT MAY HAVE TO A TRIAL BY JURY IN ANY LEGAL PROCEEDING DIRECTLY OR INDIRECTLY ARISING OUT OF OR RELATING TO THESE TERMS.

2009 Terms and Conditions (attached as Exhibit F to Motion to Dismiss [12-1]) at 2.  In a Purchase Order dated January 21, 2009, American Plastics accepted Festo's quotation.  Purchase Order dated January 21, 2009 (attached as Exhibit G to Motion to Dismiss [12-1]) at 1.  On January 22, 2009, Festo provided American Plastics with an Order Confirmation.  Order Confirmation (attached as Exhibit H to Motion to Dismiss [12-1]) at 1.

American Plastics alleges that Festo either did not deliver the parts and services ordered, or that the parts and services were defective.  As a result, it sued Festo for breach of contract seeking damages in excess of $95,000, the total amount American Plastics contends it paid Festo for the defective parts and services.

Festo moves to dismiss American Plastics' complaint under Rule 12(b)(3) for improper venue or, in the alternative, to transfer this case to the district court of the Eastern District of New York under 28 U.S.C. § 1404(a).

## ANALYSIS

**I.     Dismissal for Improper Venue Under Rule 12(b)(3)**

Festo first asks the court to dismiss American Plastics' complaint under Federal Rule of Civil Procedure 12(b)(3) for improper venue.  Under 28 U.S.C. § 1391, in a civil matter where jurisdiction is founded upon diversity of citizenship, venue is proper in a judicial district where (1) any defendant resides, (2) the property

at issue is located or a substantial part of the events occurred, or (3) any defendant is subject to personal jurisdiction if there is no other possible district. There appears to be no dispute that a substantial part of the events at issue occurred at American Plastics' facility within this district and that venue would therefore be proper under § 1391. However, Festo contends that regardless of § 1391, the court should find that venue is improper based upon the existence of a forum selection clause that governs American Plastics' purchases.

The Seventh Circuit has upheld dismissals under Rule 12(b)(3) where a district court had concluded that venue was improper based upon the existence of a mandatory forum selection clause. *See Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 760 (7th Cir. 2006). However, the Seventh Circuit has recently held that where venue exists under § 1391, a forum selection clause does not render venue "wrong" under 28 U.S.C. § 1406(a), a statute that allows the transfer of a case filed in the "wrong" venue. *See In re LimitNone, LLC*, 551 F.3d 572, (7th Cir. 2008). In light of *LimitNone*, at least one court has questioned whether a forum selection clause can render venue "improper" under Rule 12(b)(3). *See Schwarz v. Sellers Markets, Inc.* — F. Supp. 2d —, No. 11 CV 501, 2011 WL 3921425, at *8 (N.D. Ill. Sept. 7, 2011).

However, the court need not opine on the impact of *In re LimitNone* on forum selection clauses in the context of a Rule 12(b)(3) motion to dismiss because the court may, instead, determine whether the forum selection clause favors a transfer under 28 U.S.C. § 1404(a), which permits transfers for the convenience of parties and witnesses. *See Schwarz*, 2011 WL 3921425, at *9 (collecting authorities recognizing the ability of a district court faced with a Rule 12 motion to dismiss based on a forum selection clause to instead determine whether transfer under § 1404(a) is the better course).

Accordingly, the court declines to evaluate whether American Plastics' complaint should be dismissed for improper venue under Rule 12(b)(3) and, instead, will focus on whether the claims should be transferred under 28 U.S.C. § 1404(a).

**I.      Transfer Under 28 U.S.C. § 1404(a)**

To obtain a transfer under § 1404(a), Festo must show that: (1) venue and jurisdiction are proper in both the transferor and transferee courts; (2) a transfer would be convenient for the parties and the witnesses; and (3) a transfer would serve the interest of justice. *ORD Structure Innovations, LLC v. Oracle Corp.*, No. 11 CV 3307, 2011 WL 4435667, at *1 (N.D. Ill. Sept. 22, 2011). In addition, a court may also order a transfer under § 1404(a) where a forum selection clause requires the parties to file suit in an agreed-upon forum. *See Methode Electronics, Inc. v. Delphi Automotive Systems LLC*, 639 F. Supp. 2d 903, 908 (N.D. Ill. 2009). However, the existence of a mandatory forum selection clause is just one of the relevant factors under § 1404(a) and is not dispositive. *See Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988) ("The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration (as respondent might have it) nor no consideration (as Alabama law might have it), but rather the consideration for which Congress provided in § 1404(a).").

Festo contends that this case should be transferred to the federal district court in the Eastern District of New York because the 2009 Terms and Conditions contain a mandatory forum selection clause that governs all of American Plastics' purchases. In support, it argues that the 2009 Terms and Conditions apply to all of American Plastics' purchases because the parties did not enter into separate purchase agreements but, rather, operated under a single contract first executed in October 2008, and then modified by "various quotations, purchase orders, and order confirmations—both verbal and written." In Festo's view, the 2008 Terms and Conditions that governed the parties' original contract were modified by the 2009 Terms and Conditions in

effect at the time of the January 15, 2009, quotation, including the mandatory forum selection clause that did not appear in the 2008 Terms and Conditions.

American Plastics denies that the parties operated under a single contract, arguing instead that the 2009 Terms and Conditions apply (if at all) to only the $2,000 "Umbilical" purchase in January 2009. It contends that each of the earlier purchases were separate agreements governed by the Terms and Conditions in effect at the time, in which the parties merely consented to jurisdiction and venue in Eastern District of New York, but did not consent to exclusive jurisdiction and venue in the Eastern District of New York.

Under New York law, the general rule is that "[c]ontracts remain separate unless their history and subject matter shows them to be unified." *131 Heartland Blvd., Corp. v. C.J. Jon Corp.*, 921 N.Y.S.2d 94, 97 (N.Y. App. Div. 2011). "In determining whether contracts are separable or entire, the primary standard is the intent manifested, viewed in the surrounding circumstances." *Id.* Relevant factors include whether the individual agreements (1) concern the same subject matter, (2) are supported by independent consideration, and (3) serve the same purpose and refer to each other. *Id.* 97-98. Where the parties' intent can be gathered from the four corners of the agreements, the court determines whether the agreements constitute single or separate contracts as a matter of law. *Nancy Neale Enterprises, Inc. v. Eventful Enterprises, Inc.*, 688 N.Y.S.2d 207, 208 (N.Y. App. Div. 1999).

The October 2008 and January 2009 agreements do not concern the same subject matter, as the equipment identified in the October 2008 quotation (a Blow Molder) is not the same equipment identified in the January 2009 quotation (an Umbilical). As for the second factor, the agreements appear to be supported by independent consideration, as the Order Confirmation for the October 2008 purchase indicates that $79,999.04 was paid, while the Order Confirmation for the January 2009 purchase indicates that $2,080.50 was paid. Finally, the agreements do not refer to each other, and do not serve the same purpose as the aim of each is to procure goods or services that are different from the goods and services obtained by the other agreements.

In addition, a review of the terms and conditions themselves does not support Festo's contention that the 2009 agreement modified the 2008 agreement. Under the 2008 Terms and Conditions, "[a]ny modification hereto must be embodied in writing signed by both parties." 2008 Terms and Conditions (attached as Exhibit B to Motion to Dismiss [12-1]) at 1. Festo has identified no subsequent writing signed by both parties that manifested an intent to modify or supersede the 2008 Terms and Conditions.

Nevertheless, Festo argues that the court should construe the separate agreements as a single contract for two reasons. First, it argues that the contracts concern a single subject matter because each agreement sought to procure equipment and services American Plastics needed to operate its plastic molding machines. However, Festo cites no authority to support its position that multiple purchases of equipment for a single machine (or, in this case, multiple machines of a single type) should be construed as a single contract. The court's review of New York law has not unearthed any such authority. Indeed, under such a view, every purchase of a part or repair to keep one's automobile operating would be considered a single contract.

Second, it argues that American Plastics alleged the existence of a single contract in its complaint, citing sample allegations such as the following:

> Festo is not capable of performing its obligations under the contract between the parties, and has breached the contract.

Complaint (attached as Exhibit A to Notice of Removal [1-1]) ¶ 9. However, the court is not bound to accept legal conclusions within American Plastics' complaint, and will not do so when New York law dictates that the agreements formed separate contracts. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.").

Festo has not demonstrated any intent manifested by the parties that their various agreements should be construed as a single contract. Consequently, American Plastics' purchases involved separate agreements, and only its $2,000 purchase of the Umbilical in January 2009 is governed by the forum selection clause contained in the 2009 Terms and Conditions. Accordingly, the motion to dismiss American Plastics' breach of contract claims regarding its purchases of goods and services prior to January 2009 is denied.

Having determined that the forum selection clause does not apply to American Plastics' pre-January 2009 purchases, the only issues that remain to be addressed are whether (1) the forum selection clause applies to the January 2009 purchase and, if so, (2) can the court nevertheless decline to order a transfer under § 1404(a). The court will assume that the forum selection clause applies to the January 2009 purchase because, even if the clause is valid, the interests of justice do not favor a transfer.

A valid forum selection clause is a waiver of the right to argue that the agreed-upon forum would be inconvenient to the parties. *Northwestern Nat'l Ins. Co. v. Donovan*, 916 F.2d 372, 378 (7th Cir. 1990). However, a court may nevertheless decline to transfer a case to the agreed-upon forum if transfer would be inconvenient to third-parties or would work against the "interests of the federal judiciary in the orderly allocation of judicial business." *IFC Credit Corp. v. Aliano Bros. Gen. Contractors, Inc.*, 437 F.3d 606, 613 (7th Cir. 2006). Judicial economy would be best served by retaining American Plastics' claim regarding the January 2009 purchase because American Plastics' other claims against Festo will proceed in this court, likely involving most of the same facts, occurrences, and witnesses. *See HA-LO Indus., Inc. v. Credit Suisse First Boston Corp.*, No. 03 CV 2441, 2003 WL 21982145, at *3 (N.D. Ill. Aug. 19, 2003) (affirming bankruptcy court's decision not to transfer claim to agreed-upon forum because bankruptcy court was already hearing other cases arising from the same transaction).

Therefore, even assuming that the forum selection clause in the 2009 Terms and Conditions was valid, the court declines to enforce the clause because transferring American Plastics' claim regarding its January 2009 purchase would not serve the court's interest in conserving judicial resources.

Festo has identified no other factor under § 1404(a) that would favor a transfer. Accordingly, its motion to transfer this case to the Eastern District of New York is denied.